IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40372
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

WALTER EARL STEPHENSON, JR, also known as Stevie Stephenson,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:97-CR-42-1
- - - - - - - - - -
October 21, 1998

Before POLITZ, Chief Judge, and WIENER and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Walter Earl Stephenson, Jr., appeals the district court's denial of his request to withdraw his guilty plea and asks in the alternative that the Government be required to perform specifically under the plea. He argues that he relied on the Government's promise in the plea agreement to consider substantial assistance provided by him in other investigations, but that the Government did not give him the opportunity to provide that assistance and never intended to recommend a downward departure under U.S.S.G. § 5K1.1, p.s.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The language of the plea agreement states that the Government retains its discretion to recommend a departure. Stephenson therefore can prevail only if he showed by a preponderance of the evidence that he relied on a promise that the Government never intended to keep.  Evidence at the hearing showed that the government agent who had debriefed Stephenson felt that he was being uncooperative and deliberately vague. Although the agents had used other information gathered during this investigation to commence other proceedings, the information from Stephenson was not a help and the agent felt it would be a waste of time to question him again.  Stephenson has not shown that the district court erred in finding that the Government did not breach the agreement.  See United States v. Garcia-Bonilla, 11 F.3d 45, 46 (5th Cir. 1993).  The decision of the district court is AFFIRMED.